UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TANYA RENEE ROBBINS, et al.,          )
                                       )
          Plaintiffs,                  )
                                       )
     vs.                               )
                                       )
                                       )
                                       )          Case No. 1:17 CV 53 ACL
JOE TIFFANY, et al.,                   )
                                       )
          Defendants.                  )

## MEMORANDUM AND ORDER

Plaintiff Tanya Renee Robbins brings this state law negligence action on behalf of
two of her minor children. This matter is before the Court upon the Motions to Dismiss of
Defendants Ginger Joyner and Kevin Kinnard. (Docs. 10, 13.)

### Background

Robbins filed her *pro se* Complaint on April 10, 2017, in which she alleges that
various individuals failed to protect her children while they were in foster care. (Doc. 1.)
She has also named Edward Gassell and Joseph Robbins as Plaintiffs.[1] Robbins alleges
diversity of citizenship as a basis of jurisdiction.

In an Order dated April 17, 2017 (Doc. 3), the Court advised Robbins that she may
not represent her children in federal court. *See Osei-Afriyie by Osei-Afriyie v. Medical*

---

[1] The Court erroneously assumed from Robbins' allegations that all four individuals named
as Plaintiffs were Robbins' minor children. Defendant Kinnard states in his Motion to
Dismiss that Edward Gassell is the father of the children who are the subject of the state
adjudication and Joseph Robbins is Tanya Robbins' ex-husband. (Doc. 13.) This error has
no effect on the resolution of the instant motions.

1

*College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"). The Court gave Robbins thirty days, until May 12, 2017, to obtain representation in this matter. To date, no attorney has entered his or her appearance on behalf of the minor children.

On May 23, 2017, Defendant Ginger K. Joyner filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6). (Doc. 10.) Joyner is an attorney who was appointed guardian ad litem in the state court proceedings to remove Robbins' minor children and place them in protective custody. She argues that Robbins' claims should be dismissed because this Court lacks subject matter jurisdiction in that Plaintiff and Defendant Joyner are both citizens of the State of Missouri; the Complaint fails to state a claim against Joyner; Robbins purports to bring claims on behalf of her minor children but has failed to comply with this Court's order to obtain an attorney; and this action is duplicative of another pending action involving the same parties, Case No. 1:17CV54-ACL.

Defendant Jerome K. Kinnard filed a Motion to Dismiss on May 25, 2017, in which he argues that Robbins' claims should be dismissed for the following reasons: this Court lacks subject matter jurisdiction; Robbins has failed to state a claim against Defendant Kinnard; Robbins has not complied with this Court's previous order to obtain counsel to represent the minor children; and Defendant Kinnard is entitled to official immunity. (Doc. 13.)

Robbins has not responded to Defendants' Motions.

<h2 style="text-align:center">Discussion</h2>

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511

U.S. 375, 377 (1994). The court is obligated to dismiss any action over which it does not have subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.*

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In this case, Robbins alleges that she and all the other Plaintiffs whom she seeks to represent are citizens of Missouri. (Doc. 1 at p. 2, 6.) Robbins does not allege that any of the named Defendants are residents of a different state. Rather, she lists the Missouri Division of Family Services as a corporate defendant, and provides Missouri addresses for all the other named Defendants with known addresses. *Id.* at 3-6. In addition, Defendant Joyner has provided an Affidavit in which she states that she is a citizen of the State of Missouri. (Doc. 11-1.) Because complete diversity of the parties does not exist, the Court lacks subject-matter jurisdiction and the case must be dismissed.

Accordingly,

3

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

A separate Order of Dismissal will be entered herewith.

Dated this 29th day of June, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE